IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JEAN ANN PLOUT,

                 Plaintiff,

       v.

FEICHENGSHIRUNKEZHUANGSHIGO
NGCHENGYOUXIANGONGSI, et al.,

            Defendants.

Case No. 25-cv-1970

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Plaintiff hereby sues Defendants, the Individuals, Partnerships, and Unincorporated Associations identified on Schedule "A" (collectively "Defendants"). All Defendants are knowingly and intentionally displaying, promoting, advertising, distributing, offering for sale, and selling infringing versions of Plaintiff's copyrighted works (the "Infringing Products") on the Amazon.com, Walmart.com, and Temu.com online marketplaces, operating under the seller identities and/or the online marketplace accounts as set forth on **Schedule "A"** hereto (the "Seller IDs" and collectively, the "Defendant Merchant Storefronts"). In support of its claims, Plaintiff alleges as follows:

### NATURE OF ACTION

1.       Plaintiff is the owner of United States Registered Copyrights which are infringed by Defendants. Each Defendant has infringed at least one of Plaintiff's Registered Copyrights. Below is a side-by-side comparison of Plaintiff's copyrighted works and an example of Defendants' products that embody Plaintiff's copyrighted works:

| Reg. Number | Title of Work | Copyrighted Work | Example of Defendants' Image |
|---|---|---|---|
| VA 2-420-485 | JP2119-Le Coq |  |  Def. No. 1-32, 106-109, 119-231 |
| VA 2-420-488 | JP2120_Le Coq |  |  Def. No. 33-35, 232-239 |
| VA 2-420-793 | JP1182_Le Rooster-B |  |  Def. No. 36-37 |
| VA 2-420-489 | Jp2093_ Feather Plumes-A |  |  Def. No. 39-54, 240-261 |
| VA 2-420-846 | Watercolor Teacups- A |  |  |

| Reg. Number | Title of Work | Copyrighted Work | Example of Defendants' Image |
|---|---|---|---|
| | | | Def. No. 55-71, 110-113, 262-274 |
| VA 2-420-664 | Jp3041-Italian Chefs-61215 |  |  Def. No. 72-84, 275-283 |
| VA 2-420-806 | Garage Sign Collection-B |  |  Def. No. 85-88, 284-288 |
| VA 2-420-663 | JP3175-Beachy Christmas-Joy |  |  Def. No. 89-91 |
| VA 2-420-641 | JP3515-home Movie |  |  Def. No. 92-94, 114, 289-290 |

| Reg. Number | Title of Work | Copyrighted Work | Example of Defendants' Image |
|---|---|---|---|
| VA 2-420-669 | JP3516-home Movie | | Def. No. 95-96 |
| VA 2-421-420 | JP3633_Inspiratio nal Butterflies-hope | | Def. No. 97-99, 115, 291-292 |
| VA 2-423-091 | Blueberry Pie-Vintage Sign | | Def. No. 100-101, 293-305 |
| VA 2-421-386 | Country Garden Sign-B | | Def. No. 102-103, 116-117 |

| Reg. Number | Title of Work | Copyrighted Work | Example of Defendants' Image |
|---|---|---|---|
| VA 2-421-507 | Bird and Blooms B |  |  Def. No. 104 |
| VA 2-421-444 | Chevron-star fish-7914 |  |  Def. No. 105, 118, 306-313 |
| VA 2-421-374 | American Rooster A |  |  Def. No. 314-317 |
| VA 2-421-413 | Wilderness Lodge-o |  |  Def. No. 318-319 |

## JURISDICTION AND VENUE

2.      This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Federal Copyright Act, 17 U.S.C. § 101, et seq., 28 U.S.C. § 1338(a)–(b), and 28 U.S.C. § 1331.

3.      Personal jurisdiction over each Defendant satisfies constitutional due process because each Defendant has purposefully directed and expressly aimed its tortious activities at the Commonwealth of Pennsylvania and established sufficient minimum contacts with Pennsylvania by, among other things, being willing to accept an order for a product bearing Plaintiff's copyrighted designs from a representative of Plaintiff with a Pennsylvania address, being willing to ship the product to that representative in Pennsylvania, and being willing to collect Pennsylvania sales tax. In addition, upon information and belief, each Defendant has sold additional products bearing Plaintiff's copyrighted designs to consumers within Pennsylvania not affiliated in any way with Plaintiff through the regular course of business, with the knowledge that Plaintiff is harmed in Pennsylvania as a result of its sales of infringing products to Pennsylvania residents. Plaintiff's claims arise out of and relate to Defendants' sales of infringing products bearing Plaintiff's copyrighted designs to Pennsylvania residents through the regular course of business.

3.      Personal jurisdiction over each Defendant also satisfies constitutional due process because the causes of action asserted herein, including copyright infringement, are intentional torts, were aimed at Pennsylvania, and caused harm that each Defendant should have anticipated would be suffered by Plaintiff in Pennsylvania.

4.      Upon information and belief, Defendants have cooperated, communicated, shared information, and coordinated their efforts in order to create an infringing marketplace operating in parallel to the legitimate marketplace of Plaintiff and third parties authorized to sell products

embodying Plaintiff's copyrighted works, including: employing and benefitting from substantially similar paid advertising, marketing, and advertising strategies (*e.g.*, search engine optimization or "SEO"), in order to make their online storefronts appear more relevant and target a consumer searching for products embodying Plaintiff's copyrighted works. By their actions, in addition to the damages associated with unauthorized use of Plaintiff's copyrighted works, Defendants are causing concurrent and irreparable harm to Plaintiff and the consuming public by: (1) reducing the online visibility of Plaintiff's copyrighted works; (2) diluting and eroding the retail market price for Plaintiff's copyrighted works; (3) causing overall degradation of the value of goodwill associated with Plaintiff's copyrighted works; (4) devaluing the exclusivity that enhances the worth of Plaintiff's art and reputation; and (5) increasing Plaintiff's overall cost to market its goods and educate consumers about Plaintiff's copyrighted works.

5.      Upon information and belief, Defendants are aware of Plaintiff and Plaintiff's copyrighted works and are aware that their infringement is likely to cause harm to Plaintiff in Pennsylvania.

6.      Plaintiff is suffering irreparable and indivisible injury and has suffered substantial damages as a result of Defendants' unauthorized sale of the Infringing Products in direct competition with Plaintiff.

7.      Personal jurisdiction over each Defendant satisfies the Pennsylvania long-arm statute, and therefore Rule 4(k)(1)(A) of the Federal Rules of Civil procedure.  42 Pa. Cons. Stat. § 5322 (a) provides in pertinent part: "A tribunal of this Commonwealth may exercise personal jurisdiction over a person ... as to a cause of action or other matter arising from such person: (1) Transacting any business in this Commonwealth.  Without excluding other acts which may constitute transacting business for the purpose of this paragraph: (ii) The doing of a single act in

this Commonwealth for the purpose of thereby realizing pecuniary benefit ... (3) Causing harm or tortious injury by an act or omission in this Commonwealth. (4) Causing harm or tortious injury by an act or omission outside this Commonwealth ... (10) Committing any violation within the jurisdiction of the Commonwealth of any statute, home rule charter, local ordinance or resolution, or rule or regulation promulgated thereunder by any government unit or of any order of court or other government unit."  Defendants are subject to jurisdiction under the Pennsylvania long-arm statute because, upon information and belief, Defendants have committed the intentional tort of copyright infringement in Pennsylvania by displaying Plaintiff's Works in Pennsylvania, accepting orders from Pennsylvania residents, shipping infringing products into Pennsylvania, and collecting Pennsylvania sales tax on such orders.

8.     By virtue of the civil conspiracy claim in Count II of this Complaint, the Pennsylvania contacts of each Defendant are imputed to every other Defendant because, upon information and belief, each Defendant was aware of, or should have been aware of, the actions of the other co-conspirators.

9.     By virtue of the civil conspiracy claim in Count II of this Complaint and the allegations of coordinated actions by Defendants, Plaintiff's claims against Defendants arise out of the same series of transactions and occurrences.

10.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391:  Defendants do not reside in the United States and are subject to venue in any district. Further, Defendants solicit business from this Judicial District and, upon information and belief, conduct and transact significant business in this Judicial District.

## INTRODUCTION

11.     Plaintiff, Jean Plout, is the owner of several federal copyright registrations that protect the creative content of Plaintiff's images. The copyrights each protect one of many works of art by Jean Plout, a self-taught painter, photographer, and graphic artist.  Jean Plout derives significant profits from the sale and distribution of Plaintiff's images.

12.     This action has been filed by Plaintiff to combat online copyright infringers who trade upon Plaintiff's reputation, goodwill, and valuable copyrights by selling and/or offering for sale products in connection with Plaintiff's images. In addition, the Defendants are selling unauthorized products that are based on and derived from the copyrighted subject matter of Plaintiff's images.

13.     Plaintiff is the owner of various United States Copyright Registrations (the "Plaintiff's Works").  These registrations are valid, subsisting, and in full force and effect. True and correct copies of the registration certificates for the Plaintiff's Works are attached hereto as **Exhibit 1**. Upon information and belief, the copyrights have effective dates that predate the Defendants' acts of copyright infringement.

14.     In an effort to illegally profit from the creative content of the Plaintiff's Works, Defendants have created numerous Defendant Merchant Storefronts and designed them to appear to be selling authorized Plaintiff's Works.

15.     The Defendant Merchant Storefronts share unique identifiers, such as design elements and similarities of the unauthorized products offered for sale, establishing a logical relationship between them and suggesting that Defendants' illegal operations arise out of the same transaction, occurrence, or series of transactions or occurrences. Defendants attempt to avoid liability by going to great lengths to conceal both their identities and the full scope and

interworking of their illegal operation. Plaintiff is forced to file this action to combat Defendants'
piracy of the Plaintiff's Works. Plaintiff has suffered, and continues to suffer, irreparable harm due
to the loss of control over the quality and creative content of Plaintiff's valuable copyrighted
works, as well as damage to Plaintiff's reputation, goodwill, and ability to license as a result of
Defendants' actions. Accordingly, Plaintiff seeks injunctive and monetary relief.

16.     The rise of online retailing, coupled with the ability of e-commerce sites to hide
their identities, has made it nearly impossible for policing actions to be undertaken by Plaintiff
because taking advantage of takedown procedures to remove infringing products would be an
ineffective and endless game of whack-a-mole against the mass piracy that is occurring over the
internet. Sadly, a swarm of infringers have decided to trade upon Plaintiff's reputation, goodwill,
and valuable copyrights by selling and/or offering for sale products in connection with Plaintiff's
images. The aggregated effect of the mass piracy that is taking place has overwhelmed Plaintiff
and Plaintiff's ability to police Plaintiff's rights against the dozens of anonymous defendants who
are selling illegal infringing products at prices well below an original.

17.     To be able to offer the infringing products at a price substantially below the cost of
original, while still being able to turn a profit after absorbing the cost of manufacturing, advertising,
and shipping requires an economy of scale only achievable through a cooperative effort throughout
the supply chain. As Homeland Security's recent report confirms, infringers act in concert through
coordinated supply chains and distribution networks to unfairly compete with legitimate brand
owners while generating huge profits for the illegal pirating network:

> Historically, many counterfeits were distributed through swap meets and individual
> sellers located on street corners. Today, counterfeits are being trafficked through
> vast e-commerce supply chains in concert with marketing, sales, and distribution
> networks. **The ability of e-commerce platforms to aggregate information and
> reduce transportation and search costs for consumers provides a big
> advantage over brick-and-mortar retailers. Because of this, sellers on digital**

**platforms have consumer visibility well beyond the seller's natural geographical sales area.**

. . .

Selling counterfeit and pirated goods through e-commerce is a highly profitable activity: production costs are low, millions of potential customers are available online, transactions are convenient, and listing on well-branded e-commerce platforms provides an air of legitimacy.

. . .

The impact of counterfeit and pirated goods is broader than just unfair competition. Law enforcement officials have uncovered intricate links between the sale of counterfeit goods and transnational organized crime. **A study by the Better Business Bureau notes that the financial operations supporting counterfeit goods typically require central coordination**, making these activities attractive for organized crime, with groups such as the Mafia and the Japanese Yakuza heavily involved. Criminal organizations use coerced and child labor to manufacture and sell counterfeit goods. In some cases, the proceeds from counterfeit sales may be supporting terrorism and dictatorships throughout the world.

*See* Department of Homeland Security, *Combating Trafficking in Counterfeit and Pirated Goods*, Jan. 24, 2020, (https://www.dhs.gov/publication/combating-trafficking-counterfeit-and-pirated-goods), at 10, 19 (emphasis added) attached hereto as **Exhibit 2**.

18.    The Defendant Merchant Storefronts share unique identifiers, such as design elements and similarities of the unauthorized products offered for sale, establishing a logical relationship between them and suggesting that Defendants' illegal operations arise out of the same transaction, occurrence, or series of transactions or occurrences. Defendants use aliases to avoid liability by going to great lengths to conceal both their identities as well as the full scope and interworking of their illegal network. Despite deterrents such as takedowns and other measures, the use of aliases enables infringers to stymie authorities:

The scale of counterfeit activity online is evidenced as well by the significant efforts e-commerce platforms themselves have had to undertake. A major e-commerce platform reports that its proactive efforts prevented over 1 million suspected bad actors from publishing a single product for sale through its platform and blocked over 3 billion suspected counterfeit listings from being published to their marketplace. Despite efforts such as these, private sector actions have not been

sufficient to prevent the importation and sale of a wide variety and large volume of counterfeit and pirated goods to the American public.

. . .

A counterfeiter seeking to distribute fake products will typically set up one or more accounts on online third-party marketplaces. The ability to rapidly proliferate third-party online marketplaces greatly complicates enforcement efforts, especially for intellectual property rights holders. Rapid proliferation also allows counterfeiters to hop from one profile to the next even if the original site is taken down or blocked. On these sites, online counterfeiters can misrepresent products by posting pictures of authentic goods while simultaneously selling and shipping counterfeit versions.

. . .

Not only can counterfeiters set up their virtual storefronts quickly and easily, but they can also set up new virtual storefronts when their existing storefronts are shut down by either law enforcement or through voluntary initiatives set up by other stakeholders such as market platforms, advertisers, or payment processors.

*Id.* at 5, 11, 12.

19.    Plaintiff has been and continues to be irreparably harmed through the loss of control over Plaintiff's reputation, goodwill, ability to license, and the quality of goods featuring the Plaintiff's Works, as well as the devaluation of the exclusivity associated with Plaintiff's art and professional reputation. The rise of eCommerce as a method of supplying goods to the public exposes brand holders and content creators that make significant investments in their products to significant harm from counterfeiters:

Counterfeiting is no longer confined to street-corners and flea markets. The problem has intensified to staggering levels, as shown by a recent Organization for Economic Cooperation and Development (OECD) report, which details a 154 percent increase in counterfeits traded internationally — from $200 billion in 2005 to $509 billion in 2016. Similar information collected by the U.S. Department of Homeland Security (DHS) between 2000 and 2018 shows that seizures of infringing goods at U.S. borders have increased 10-fold, from 3,244 seizures per year to 33,810.

…

The rise in consumer use of third-party marketplaces significantly increases the risks and uncertainty for U.S. producers when creating new products. It is no longer enough for a small business to develop a product with significant local consumer demand and then use that revenue to grow the business regionally, nationally, and internationally with the brand protection efforts expanding in step. Instead, with the international scope of e-commerce platforms, once a small business exposes itself

to the benefits of placing products online — which creates a geographic scope far greater than its more limited brand protection efforts can handle — it begins to face increased foreign infringement threat.

. . .

Moreover, as costs to enter the online market have come down, such market entry is happening earlier and earlier in the product cycle, further enhancing risk. If a new product is a success, counterfeiters will attempt, often immediately, to outcompete the original seller with lower-cost counterfeit and pirated versions while avoiding the initial investment into research and design.

. . .

Counterfeiters have taken full advantage of the aura of authenticity and trust that online platforms provide. While e-commerce has supported the launch of thousands of legitimate businesses, their models have also enabled counterfeiters to easily establish attractive "store-fronts" to compete with legitimate businesses.

*See Combating Trafficking in Counterfeit and Pirated Goods*, Jan. 24, 2020, (**<u>Exhibit 2</u>**) at 4, 8, 11.

20.     Not only are the creators and copyright owners harmed, the public is harmed as well:

The rapid growth of e-commerce has revolutionized the way goods are bought and sold, allowing for counterfeit and pirated goods to flood our borders and penetrate our communities and homes. Illicit goods trafficked to American consumers by e-commerce platforms and online third-party marketplaces threaten public health and safety, as well as national security. This illicit activity impacts American innovation and erodes the competitiveness of U.S. manufacturers and workers. The President's historic memorandum provides a much warranted and long overdue call to action in the U.S. Government's fight against a massive form of illicit trade that is inflicting significant harm on American consumers and businesses. <u>This illicit trade must be stopped in its tracks</u>.

*Id.* at 3, 4. (Underlining in original).

21.     Plaintiff's investigation shows that the telltale signs of an illegal piracy ring are present in the instant action. The Defendant Merchant Storefronts share unique identifiers, such as design elements and similarities of the infringing products offered for sale, establishing a logical relationship between them and suggesting that Defendants' illegal operations arise out of the same transaction, occurrence, or series of transactions or occurrences. Defendants attempt to avoid liability by going to great lengths to conceal both their identities and the full scope and interworking of their

illegal piracy operation. Plaintiff is forced to file this action to combat Defendants' infringement of the Plaintiff's Works, as well as to protect unknowing consumers from purchasing unauthorized reproductions of the Plaintiff's Works over the internet.

## THE PLAINTIFF

22.    Plaintiff is the owner of the Copyright Registrations that protect the Plaintiff's Works.

23.    Jean Plout is a professional painter, photographer, and graphic artist whose career started with painting for a home décor designer.  She has been an individual entrepreneur/artist for the last five years and paints with oils, acrylic, and watercolors.  Her works include wall art, hand painted furniture, glassware, paper products, fabric, and other various home and gift goods.

24.    Plaintiff has expended substantial time, money, and other resources developing, advertising, and otherwise promoting his art, including the Plaintiff's Works. Plaintiff has also invested substantial time, money, and effort in building up and developing consumer awareness, goodwill, and recognition in the Plaintiff's Works. As a result, reproductions associated with Plaintiff are recognized and exclusively associated by consumers, collectors, the public, and the trade as works authorized by Plaintiff.

25.    The success of the Plaintiff's Works is due in large part to Plaintiff's marketing, promotional, and distribution efforts.

26.    As a result of Plaintiff's efforts, the quality of authorized reproductions, the promotional efforts for Plaintiff's products and designs, press and media coverage, and social media coverage, members of the public have become familiar with the Plaintiff's Works and associate them exclusively with Plaintiff.

27.    Plaintiff has made efforts to protect Plaintiff's interests in and to the Plaintiff's Works. No one other than Plaintiff and Plaintiff's licensees are authorized to manufacture, import, export, advertise, create derivative works, offer for sale, or sell any goods utilizing the images of Plaintiff's Works without the express written permission of Plaintiff or Plaintiff's representative.

28.    Plaintiff is engaged in the business of distributing a variety of works throughout the world, including within Pennsylvania.  Plaintiff, either directly or indirectly, offers for sale and sells Plaintiff's Works within the Commonwealth of Pennsylvania, including via the Internet on https://fineartamerica.com/art/paintings/jean+plout,    https://plout-gallery.pixels.com/,    and https://artlicensing.com/artists/jean-plout.  Defendants, through the advertising, offering for sale, and sale of infringing versions of Plaintiff's Works are directly and unfairly competing with Plaintiff's economic interests in the Commonwealth of Pennsylvania and causing Plaintiff irreparable harm and damage within this jurisdiction.

29.    Like many other artists, Plaintiff suffers ongoing daily and sustained violations of Plaintiff's copyrights at the hands of infringers, such as Defendants, who wrongfully display, reproduce, and infringe Plaintiff's copyrighted works for the twin purposes of (i) duping and confusing the consuming public and (ii) earning substantial profits across their e-commerce stores. The natural and intended byproduct of Defendants' combined actions is the erosion and destruction of the goodwill associated with Plaintiff's name in Pennsylvania and brand and the destruction of the legitimate market sector in Pennsylvania in which Plaintiff operates. Defendants' marketing and sales of their infringing products in Pennsylvania directly and adversely affects Plaintiff's sales and profits in Pennsylvania.

**THE DEFENDANTS**

30.    Defendants are individuals and business entities who, upon information and belief, reside in the People's Republic of China or other foreign jurisdictions. Defendants conduct business throughout the United States, including within Pennsylvania and in this judicial district, through the operation of the fully interactive commercial websites and online marketplaces operating under the Defendant Merchant Storefronts. Each Defendant targets the United States, including Pennsylvania, and has offered to sell and, on information and belief, has sold and continues to sell illegal reproductions of the Plaintiff's Works to consumers within the United States, including Pennsylvania and in this judicial district.

31.    Defendants directly engage in infringing the registered copyright in Plaintiff's Works by advertising, offering for sale, and/or selling goods each bearing and/or using infringements of one or more of Plaintiff's Works to consumers within Pennsylvania through e-commerce stores using, at least, the Defendant Merchant Storefronts, as well as additional ecommerce store or seller identification aliases not yet known to Plaintiff.  Defendants have purposefully directed some portion of their unlawful activities toward consumers in the Commonwealth of Pennsylvania through the advertisement, offer to sell, sale, and/or shipment of infringing versions of Plaintiff's works into Pennsylvania.

32.    Defendants are using Plaintiff's Works to drive Internet consumer traffic to their e-commerce stores operating under the Defendant Merchant Storefronts, thereby decreasing the size and value of Plaintiff's legitimate Pennsylvania marketplace and intellectual property rights.

**THE DEFENDANTS' UNLAWFUL CONDUCT**

33.    The success of the Plaintiff's Works has resulted in significant copying of the creative content protected by Plaintiff's copyright registrations. Plaintiff has identified numerous

fully interactive marketplace listings for infringement of Plaintiff's Works on Amazon, Walmart, and Temu. Each Defendant targets consumers in the United States, including the Commonwealth of Pennsylvania, and has offered to sell and, on information and belief, has sold and continues to sell, infringing products that violate Plaintiff's intellectual property rights in the Plaintiff's Works to consumers within the United States, including the Commonwealth of Pennsylvania.

34.    Upon information and belief, Defendants facilitate sales by designing the Defendant Merchant Storefronts so that they appear to unknowing consumers to be authorized online retailers, outlet stores, or wholesalers selling genuine reproductions of the Plaintiff's Works.

35.    The Defendant Merchant Storefronts intentionally conceal their identities and the full scope of their piracy operations in an effort to deter Plaintiff from learning Defendants' true identities and the exact interworking of Defendants' illegal operations. Through their operation of the Defendant Merchant Storefronts, Defendants are directly and personally contributing to, inducing, and engaging in the sale of Infringing Products as alleged, often times as partners, co-conspirators, and/or suppliers. Upon information and belief, Defendants are an interrelated group of infringers working in active concert to knowingly and willfully manufacture, import, distribute, offer for sale, and sell Infringing Products.

36.    Upon information and belief, at all times relevant hereto, the Defendants in this action have had full knowledge of Plaintiff's ownership of the Plaintiff's Works, including Plaintiff's exclusive right to use and license such intellectual property and the goodwill associated therewith.

37.    Defendants often go to great lengths to conceal their identities by often using multiple fictitious names and addresses to register and operate their massive network of Defendant Merchant Storefronts. Upon information and belief, Defendants regularly create new websites and online

marketplace accounts on Amazon, Walmart, and Temu using the identities listed in Schedule A to the Complaint, as well as other unknown fictitious names and addresses. Such Defendant Internet Store registration patterns are one of many common tactics used by the Defendants to conceal their identities, the full scope and interworking of their massive pirating operation, and to avoid being shut down.

38.    The Infringing Products for sale in the Defendant Merchant Storefronts bear similarities and indicia of being related to one another, suggesting that the Infringing Products were manufactured by and come from a common source and that, upon information and belief, Defendants are coordinating and working in concert to profit from Plaintiff's protected intellectual property.

39.    In addition to operating under multiple fictitious names, Defendants in this case and defendants in other similar cases against online infringers use a variety of other common tactics to evade enforcement efforts. For example, infringers like Defendants will often register new online marketplace accounts under new aliases once they receive notice of a lawsuit. Infringers also typically ship products in small quantities via international mail to minimize detection by U.S. Customs and Border Protection. A 2021 U.S. Customs and Border Protection report on seizure statistics indicated that e-commerce sales accounted for 13.3% of total retail sales with second quarter of 2021 retail e-commerce sales estimated at $222.5 billion. U.S. Customs and Border Protection, *Intellectual Property Right Seizure Statistics*, FY 2021 (https://www.cbp.gov/sites/default/files/assets/documents/2022-Sep/202994%20-%20FY%202021%20IPR%20Seizure%20Statistics%20BOOK.5%20-%20FINAL%20%28508%29.pdf) at 23. A true and correct copy of CBP's FY 2021 report is attached hereto as **Exhibit 3**. In FY 2021, there were 213 million express mail shipments and 94 million international mail shipments. *Id.* Nearly 90 percent of all intellectual property seizures occur in the

international mail and express environments. *Id.* at 27. The "overwhelming volume of small packages also makes CBP's ability to identify and interdict high risk packages difficult." *Id.* at 23.

40.     Further, infringers such as Defendants, typically operate multiple credit card merchant accounts and third-party accounts, such as PayPal, Inc. ("PayPal") accounts, behind layers of payment gateways so that they can continue operation in spite of Plaintiff's enforcement efforts. Upon information and belief, Defendants maintain offshore bank accounts and regularly move funds from their PayPal accounts to offshore bank accounts outside the jurisdiction of this Court. Indeed, analysis of PayPal transaction logs from previous similar cases indicates that offshore infringers regularly move funds from U.S.-based PayPal accounts to foreign-based bank accounts, such as China-based bank accounts, outside the jurisdiction of this Court.

41.     Defendants, without any authorization or license, have knowingly and willfully pirated Plaintiff's Works in connection with the advertisement, distribution, offering for sale, and sale of illegal products into the United States and Pennsylvania over the internet. Each Defendant Internet Store offers shipping to the United States, including Pennsylvania, and, on information and belief, each Defendant has displayed Plaintiff's Works, has offered to sell, and has actually sold Infringing Products into the United States, including Pennsylvania.

42.     Each Defendant was, and is currently, offering for sale and selling the Infringing Products to the consuming public via Defendants' online storefronts using their Seller IDs. Defendants provide shipping, have actually shipped, and/or stand ready, willing, and able to ship the Infringing Products to customers located within Pennsylvania.  Each Defendant has also infringed the copyright in Plaintiff's Works within Pennsylvania by displaying Plaintiff's work within Pennsylvania.

## COUNT I
## COPYRIGHT INFRINGEMENT

43.     Plaintiff repeats and incorporates by reference herein the allegations contained in the above paragraphs of this Complaint.

44.     The Plaintiff's Works and authorized reproductions have significant value and have been produced and created at considerable expense.

45.     At all relevant times, Plaintiff has been the holder of the pertinent exclusive rights infringed by Defendants, as alleged hereunder, including but not limited to the Plaintiff's Works, including derivative works. The Plaintiff's Works are the subject of valid Copyright Registration Certificates issued by the Register of Copyrights. (**Exhibit 1**).

46.     Each Defendant, without the permission or consent of Plaintiff, has sold and continues to sell online pirated derivative works of the copyrighted Plaintiff's Works. Each Defendant has violated Plaintiff's exclusive rights of reproduction and distribution. Each Defendant's actions constitute infringement of Plaintiff's exclusive rights protected under the Copyright Act (17 U.S.C. §101 et seq.).

47.     The foregoing acts of infringement constitute a collective enterprise of shared, overlapping facts and have been willful, intentional, and in disregard of and with indifference to the rights of the Plaintiff.

48.     As a result of each Defendant's infringement of Plaintiff's exclusive rights under copyright, Plaintiff is entitled to relief pursuant to 17 U.S.C. §504 and to Plaintiff's attorneys' fees and costs pursuant to 17 U.S.C. §505.

49.     The conduct of each Defendant is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiff great and irreparable injury that cannot fully be compensated or measured in money. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C.

§§502 and 503, Plaintiff is entitled to injunctive relief prohibiting each Defendant from further infringing Plaintiff's copyrights and ordering that each Defendant destroy all unauthorized copies.

## COUNT II
## CIVIL CONSPIRACY

50.     Plaintiff repeats and adopts and incorporates by reference herein the allegations contained in the above paragraphs of this Complaint.

51.     Plaintiff is informed and believes and therefore alleges upon information and belief that Defendants knowingly and voluntarily entered into a scheme and agreement to engage in a combination of unlawful acts and misconduct including, without limitation, a concerted and collaborated effort to maintain the distribution, marketing, advertising, shipping, and sale of products that bear Plaintiff's copyrighted designs.

52.     The intent, purpose, and objective of the conspiracy and the underlying combination of unlawful acts and misconduct committed by the Defendants was to unfairly compete against Plaintiff and to profit from Plaintiff's intellectual property.

53.     Each Defendant understood and accepted the foregoing scheme and agreed to do its respective part to further accomplish the foregoing intent, purpose, and objective.  Thus, by entering into the conspiracy, each Defendant has deliberately, willfully, and maliciously permitted, encouraged, and induced all of the foregoing unlawful acts and misconduct.

54.     As a direct and proximate cause of the unlawful acts and misconduct undertaken by each Defendant in furtherance of the conspiracy, Plaintiff has sustained, and unless each Defendant is restrained and enjoined, will continue to sustain severe, immediate, and irreparable harm, damage, and injury for which Plaintiff has no adequate remedy at law.

55.    As a result of Defendants' actions alleged herein, Plaintiff is entitled to injunctive relief, an order granting Plaintiff's damages and Defendants' profits stemming from their false advertisements, and exemplary or punitive damages for Defendants' intentional misconduct.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1) That Defendants, their affiliates, officers, agents, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

   a. Using the Plaintiff's Works or any reproductions, copies, or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not an authorized reproduction of the Plaintiff's Works or is not authorized by Plaintiff to be sold in connection with the Plaintiff's Works;

   b. passing off, inducing, or enabling others to sell or pass off any product or not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale under the Plaintiff's Works;

   c. further infringing the Plaintiff's Works and damaging Plaintiff's goodwill;

   d. shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not authorized by Plaintiff to be sold or offered for sale, and which directly use the images of the Plaintiff's Works, and which are derived from Plaintiff's copyrights in the Plaintiff's Works; and

e. using, linking to, transferring, selling, exercising control over, or otherwise owning the Defendant Merchant Storefronts, or any other online marketplace account that is being used to sell products or inventory not authorized by Plaintiff which are derived from Plaintiff's copyrights in the Plaintiff's Works;

2) Entry of an Order that, upon Plaintiff's request, those in privity with Defendants and those with notice of the injunction, including any online marketplaces, social media platforms, Facebook, YouTube, LinkedIn, Twitter, internet search engines such as Google, Bing, and Yahoo, web hosts for the Defendant Merchant Storefronts, shall:

a. disable and cease providing services for any accounts through which Defendants engage in the sale of products not authorized by Plaintiff which reproduce the Plaintiff's Works or are derived from the Plaintiff's Works, including any accounts associated with the Defendants listed on Schedule A;

b. disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of products not authorized by Plaintiff which are derived from the Plaintiff's Works; and

c. take all steps necessary to prevent links to the Defendant accounts identified on Schedule A from displaying in search results, including, but not limited to, removing links to the Defendant accounts from any search index;

3) For Judgment in favor of Plaintiff against Defendants that they have: a) willfully infringed Plaintiff's rights in Plaintiff's federally registered copyrights pursuant to 17 U.S.C. §501; and b) otherwise injured the business reputation and business of Plaintiff by Defendants' acts and conduct set forth in this Complaint;

4)   For Judgment in favor of Plaintiff against Defendants for actual damages or statutory damages pursuant to 17 U.S.C. §504, at the election of Plaintiff, in an amount to be determined at trial;

5)   That Plaintiff be awarded Plaintiff's reasonable attorneys' fees and costs;

6)   That Plaintiff be awarded punitive damages; and

7)   Award any and all other relief that this Court deems just and proper.

### <u>DEMAND FOR JURY TRIAL</u>

Plaintiff respectfully demands a trial by jury on all claims.

Respectfully submitted,

Dated:  December 17, 2025

/s/ Stanley D. Ference III
Stanley D. Ference III
Pa. ID No. 59899
courts@ferencelaw.com

FERENCE & ASSOCIATES LLC
409 Broad Street
Pittsburgh, Pennsylvania 15143
(412) 741-8400 – Telephone
(412) 741-9292 – Facsimile

Attorneys for Plaintiff

## <u>LIST OF EXHIBITS</u>

Exhibit 1    Registration certificates for the Plaintiff's Works

Exhibit 2    Department of Homeland Security, *Combating Trafficking in Counterfeit and Pirated Goods*, Jan. 24, 2020 (https://www.dhs.gov/publication/combating-trafficking-counterfeit-and-pirated-goods)

Exhibit 3    U.S. Customs and Border Protection, *Intellectual Property Right Seizure Statistics*, FY 2021 (https://www.cbp.gov/sites/default/files/assets/documents/2022-Sep/202994%20-%20FY%202021%20IPR%20Seizure%20Statistics%20BOOK.5%20-%20FINAL%20%28508%29.pdf

# Schedule "A"
## Defendants with Store Name and Seller ID

| Defendant Number | Store/Seller Name | Seller ID |
|---|---|---|
| 1 | feichengshirunkezhuangshigongchengyouxiangongsi | A187E8LQCQ6IMN |
| 2 | luoyangzhadashangmaoyouxiangongsi | A2GL9E8STCAGB7 |
| 3 | huizefencaishangmaojingyingbu | A1C4KUIRXWLNTA |
| 4 | ZJ Sign | A1LO329I6GYYB7 |
| 5 | DongGuanShiMoBiaoFuZhuangYouXianGongSi | A3DU9TM5CRKT99 |
| 6 | puyangshiqingenshangmao | A1BL1KMH4K0TNI |
| 7 | HanRuiZaiShengZiYuan | A12X7N7K4332PC |
| 8 | XiangHeYinDaJiaJu | A31I91WMIZ2B5I |
| 9 | shandonglaodifangjiangcunkaoyuyouxiangongsi | A3MV8QCQWK2I3W |
| 10 | wulishfashfuasfs | A3IJZTR96B2RK4 |
| 11 | TaoTao024 | AVXGCBVXCWWQM |
| 12 | Feng-stone | A2RBC8WX4K1PGZ |
| 13 | wanghengmaiwazi | A21ER8HK35JN63 |
| 14 | mcxvb | A2BEVB5PUV3G8K |
| 15 | lingbos | A2UIREMTENVPWH |
| 16 | Yiwu Tengshao Trading Co., Ltd. | A1XYYJC3D757P2 |
| 17 | Chaoyun Commerce | A2VBLW3R4CD6VX |
| 18 | AnYangFuKuoJianZhuLaoWuFenBao | A1II4JPKHQZDMW |
| 19 | HuHeHaoTeShiNuanChengJinShangMaoYouXianZeRenGongSi | A1UP2Z7Z69BNDO |
| 20 | GuangShuiShiLiZhuiLangShangMaoYouXianGongSi | A2FYGRDAMPZEDI |
| 21 | JiuShangJiXie | A1NMTWSDGEQA6C |
| 22 | wuzhifeidexiaodian | A3CQQ2J3E3X2SI |
| 23 | QuJingJingXiaFuZhuang | AV6YFLG87WBWW |
| 24 | panlongqusichaobaihuoshanghang | A2ZJTPAP9HYGMJ |
| 25 | ZhaoYangSheBeiZuLin | A2VYZOY6PXPL58 |
| 26 | ChenZeXinXiJiShu | AYUKTOTR95YYT |
| 27 | jilinshengpinyuanjinguanmaoyiyouxiangongsi | A18WJILQQ2WC8H |
| 28 | gaomengs | A36QL2D60DBG8 |
| 29 | Chenggao Hardware | A1A17ZT66XXJYP |
| 30 | CCHEWN | A4RGEW760S6EO |
| 31 | riqingbairanfengcui | AVVQ8JJFMDYO8 |
| 32 | Pinming Trading | A1AD5WTAD2QJP5 |
| 33 | xuyongjianzhu | A176OHL2N37TZL |
| 34 | wenxinchenyu | A2JX3XFZ0NYQ26 |
| 35 | yanjinbengruishangmaoyouxiangongsi | A20L0DZRAN9AM2 |

| Defendant Number | Store/Seller Name | Seller ID |
|---|---|---|
| 36 | Jyaohao0186 FROM US | A2T2OWCKFA1R23 |
| 37 | QingTieYu | A1UTWKAM46A9SF |
| 38 | TunChangMianShaKeJiYouXianGongSi | AHI6F05C32QPU |
| 39 | hanchengshisanshiheyuanmuyeyouxiangongsi | A25YZ9SB6NZDKC |
| 40 | TXCOM | A4CS2JFTH7VRT |
| 41 | shanxiyixungongchengyouxiangongsi | A25SSODCBQO67K |
| 42 | Yuan Hengpei | A1OLT7KB0VR3E3 |
| 43 | Complaints about BI follow-up sales | A3A4QWYIDDFSH8 |
| 44 | TongShanXianCaiAoMaoYiYouXianGongSi | A16A2592CIUI3L |
| 45 | Tide Wall Art | A2GPGVTPSFQ0EO |
| 46 | chengdubaoyancanyinyouxiangongsi | A3RPJ889IO4G4E |
| 47 | anjunyang2024 | A283H3NR8WHHAU |
| 48 | Le Shengfei | A2VPOFSNJET8K9 |
| 49 | qiuqiuposter2233 | A25837ARH5HTQC |
| 50 | Love International Art Shop | A2UQ984Z6IS9EW |
| 51 | GZJYKJYXGS | A263KZ4643KJV1 |
| 52 | xiangfenxianbaohuishangmaoyouxiangongsi | A6WOIWVF29NP4 |
| 53 | Washington Art Store | AR88U4U6DSEXZ |
| 54 | FFYS | A3P7NIQZ8C2D4H |
| 55 | Yiwu Yingling Daily Necessities Co., Ltd. | APJ0AD02XUUEN |
| 56 | wuhanchenhaomaoyiyouxiangongsi | A1X2RET0UUUEMB |
| 57 | GuangZhouPengZhiShangMaoYouXianGongSi | A2U9K4TZ8X695O |
| 58 | guangzhoudonglingyumaoyishanghang | A1392RBREY1Y34 |
| 59 | HuaiNanQuanDeShangMaoYouXianGongSi | A1VFK0KIPX584L |
| 60 | fuyangbeixiongshangmaoyouxiangongsi | A1C8IM1V6UYWQO |
| 61 | Flay-Sign | AA0QFW2CI4D24 |
| 62 | YunNanRuiXiangShangMao | A1N4P9UXR9N07S |
| 63 | ZHUyi | A39KSG4XQB7217 |
| 64 | Puyang Educational Toys Wholesale | AEFUQ0TUDECV8 |
| 65 | ZhengZhouShiSuHaoShangMaoYouXianGongSi | AEBHDU06CI3T |
| 66 | Gansu Yimeisheng Clothing Co., Ltd | A2FPKAKI7ZOM1S |
| 67 | zhaoruidanchengruifushi | A2FN9OW0O6W5R3 |
| 68 | ZhongMouXianFeiHuiWangLuo | A3353Z012X8KY6 |
| 69 | zhongshanshishunjiuzhaomingkejiyouxiangongsi | A2445F4J20X3TX |
| 70 | wweiso | A8W60KWXZH2FS |
| 71 | ddaz、 | A3R5T6BS41NC6F |
| 72 | yeyudjadb | A2X3RUUVUSS0UR |
| 73 | HuaiHuaShiJianPingYouHaiShengWuFangZhiYouXianGongSi | A19VTWIDATPM61 |
| 74 | DEEYY | A2485GRL2EEB1T |

| Defendant Number | Store/Seller Name | Seller ID |
|---|---|---|
| 75 | zhijiangshizhuohuliaoshangmaoshanghang | A3JIB2VIJDE688 |
| 76 | ChenNaiYun2025 | A3HJOYEJLIOHUV |
| 77 | nanxindege | A3E0IO82VMV8CV |
| 78 | chengdujinkunbaozhuangcailiaoyouxiangongsi | AII2QIZ3YLZUB |
| 79 | jjaisn | A1GVM4G5AR5BQJ |
| 80 | kaiyizhizao | A3UR7JXEO04YJW |
| 81 | siyunsu | ATE83H5EG1EZ7 |
| 82 | Guangzhou Bangqun Trading Co., Ltd | A34046XICUT8VV |
| 83 | yiwushifupangdianzishangwuyouxiangongsi | A20E8SWACI91IA |
| 84 | Luoyongww | A22YABXVAAKC0W |
| 85 | anhui25 | A3F32VPCR85368 |
| 86 | Yiwu Yuheng Trading Co., Ltd. | A331W6E0D48GQU |
| 87 | linyijunfashangmaoyouxiangongsi | AV7L3WJJPIKFR |
| 88 | zhoukouhongmishangmaoyouxiangongsi | A1M6RU8DBVGRB7 |
| 89 | chenlongjiayou | A2LOFH9H0OYQK8 |
| 90 | GuiZhouErMuQinShangMao | A1BI62MYZW7Y94 |
| 91 | MO FASAYEI | A2D6ZYDFTLYABH |
| 92 | Ksionmingse | A3B5SFOI9H78YZ |
| 93 | jialimei | A309N3T082NIHX |
| 94 | yunZHOGN-A | A1OXAJZTOJZXSK |
| 95 | YangQuanHengYuanRuiFengCanYinGuanLiYouXianGongSi | A2U5LO4GZUPZ2T |
| 96 | jinjianhui | A306HRCJ0E4APR |
| 97 | uyisbohemian | A2UCHP22LQUZAV |
| 98 | QuZhouKeChengWoMingDeXinXi | A2M7NYQ1ECZ6KI |
| 99 | Ssdkf | A1EO2NDGMB9ABU |
| 100 | HuHeHaoTeShiLunMinChengShangMao | A21IC4WPJY4L1H |
| 101 | HuangLiang568 | A3EPTS5JZRKSSL |
| 102 | Home Boutique Store | A1VRQBGUSSBN9L |
| 103 | LiWei2025 | AV1JUIXZC5XPA |
| 104 | Elvoes | AO54WFESL5O8G |
| 105 | JLJDP | A29XOZOBQD6PK5 |
| 106 | KuangQi toys store | 102486728 |
| 107 | Sicangda Co., Ltd. | 101662247 |
| 108 | guangshuishizhundianleshangmao | 102796968 |
| 109 | gongfeituoshangmao | 102814802 |
| 110 | 91140391MAEC5FKRXF | 102807061 |
| 111 | jibanzhuo | 101649901 |
| 112 | Alexandera | 101655996 |
| 113 | Hugbrybh | 102809084 |

| Defendant Number | Store/Seller Name | Seller ID |
|---|---|---|
| 114 | Indoor BEST store | 101661978 |
| 115 | Yoyauz Inc. | 102756702 |
| 116 | MUCHENGGIFT LLC SHOP | 102499922 |
| 117 | YANG Shop | 102768077 |
| 118 | Dalrosia | 101613186 |
| 119 | DesignItChic | 634418219815646 |
| 120 | Kintsukuroi Threads | 634418221696520 |
| 121 | MatSole | 634418216865686 |
| 122 | Vivoria | 634418217497848 |
| 123 | International preference | 634418217582500 |
| 124 | StitchGems | 634418219962902 |
| 125 | CraftyGift | 634418222154619 |
| 126 | CloudWalkHome | 634418223293150 |
| 127 | JXZJUNWEI | 634418220241633 |
| 128 | posters ONE | 634418219371824 |
| 129 | Art Environment Decorative Painting | 634418219619088 |
| 130 | DD wall | 634418221887854 |
| 131 | Art Code | 634418221981231 |
| 132 | OK poster | 634418219722020 |
| 133 | TengYuAd | 634418217214975 |
| 134 | Steven Original Poster Factory | 634418220682171 |
| 135 | GHBHONE | 634418220014328 |
| 136 | Stellar Decor Art | 634418223486161 |
| 137 | FableFrame | 634418222104921 |
| 138 | XQY Canvas Painting Shop | 634418220517085 |
| 139 | A canvas painting | 634418222041207 |
| 140 | LFH ART | 634418222038851 |
| 141 | ArtCanva | 634418218392771 |
| 142 | Decorate festival posters | 634418220789786 |
| 143 | Banana holiday poster | 634418221239025 |
| 144 | VisionLair Canvas Painting | 634418221510196 |
| 145 | MM wall painting | 634418222494319 |
| 146 | RX Canvas Painting Shop | 634418221049421 |
| 147 | Colorful sail poster | 634418221240899 |
| 148 | Yohi Canvas Painting Shop | 634418221454392 |
| 149 | LP Canvas painting | 634418221849978 |
| 150 | EJJ Decorative Painting Expert | 634418222165207 |
| 151 | PP Art Painting | 634418222078810 |
| 152 | WJJ Canvas Painting Shop | 634418221046719 |

| Defendant Number | Store/Seller Name | Seller ID |
|---|---|---|
| 153 | PL wall art | 634418217010670 |
| 154 | KYX The initial beauty | 634418220461240 |
| 155 | GQQ Decorative paintings and posters | 634418219889337 |
| 156 | MuseGrove Canvas Painting | 634418221151131 |
| 157 | Your poster | 634418217993000 |
| 158 | Qiuling Canvas Painting Shop | 634418221058607 |
| 159 | Artistic landscape decoration painting | 634418219609301 |
| 160 | Luxury Gallery | 634418219780622 |
| 161 | This wonderful poster | 634418220484671 |
| 162 | Rose Gallery | 634418219126590 |
| 163 | Xinqi Art | 634418219851079 |
| 164 | DecorArt Gallery | 634418219184048 |
| 165 | GLLONE | 634418219621727 |
| 166 | LZ Canvas Painting Shop | 634418220517547 |
| 167 | RMX ART | 634418222317759 |
| 168 | XXQ ART | 634418222289252 |
| 169 | XHM ART | 634418222318946 |
| 170 | XP WALL ART | 634418222648798 |
| 171 | WYQ WALL ART | 634418222642201 |
| 172 | Xs Canvas Painting Shop | 634418221283162 |
| 173 | MAGH WALL ART | 634418219457577 |
| 174 | JX Canvas Painting Shop | 634418220059412 |
| 175 | QYT Canvas Painting Shop | 634418219316138 |
| 176 | Collaborative Digital Qil Painting Shop | 634418219747949 |
| 177 | CYGG WALL ART | 634418219399048 |
| 178 | HC Canvas Painting Shop | 634418220719875 |
| 179 | XQYZC Canvas Painting Shop | 634418221285577 |
| 180 | YFFS Art Painting | 634418219400399 |
| 181 | YW Canvas Painting Shop | 634418221193166 |
| 182 | The poster looks great | 634418218733277 |
| 183 | YF Art Painting | 634418219401456 |
| 184 | ANNI Art Painting | 634418219111100 |
| 185 | Lijuanaa | 634418222079524 |
| 186 | Chh ART | 634418221468282 |
| 187 | LYL ART | 634418219800324 |
| 188 | LLX ART | 634418219813266 |
| 189 | LWT ART | 634418219805119 |
| 190 | Raw coconutWall Art | 634418219486225 |
| 191 | Artistry Haven | 634418218334841 |

| Defendant Number | Store/Seller Name | Seller ID |
|---|---|---|
| 192 | JIEYUEYI | 634418223224828 |
| 193 | WJC ART | 634418222072108 |
| 194 | XFS ART | 634418222076089 |
| 195 | YCC Canvas Painting Shop | 634418221035413 |
| 196 | KX Canvas Painting Shop | 634418220708739 |
| 197 | YC Canvas Painting Shop | 634418220517335 |
| 198 | Trendsetter Art | 634418218724309 |
| 199 | STH Canvas | 634418214025376 |
| 200 | Topbout Art | 634418214178775 |
| 201 | Ld Frameless painting | 634418221186444 |
| 202 | XGR ART | 634418222072497 |
| 203 | LT ART | 634418222071206 |
| 204 | Dragon King Ye Artworks | 634418222888492 |
| 205 | QYY Canvas Painting Shop | 634418220718675 |
| 206 | xxxprint ArtsL | 634418222608201 |
| 207 | Landondy | 634418222168795 |
| 208 | JD Canvas Painting Shop | 634418220720412 |
| 209 | Swot Supply | 634418222575758 |
| 210 | Lanqihuayi Trading | 634418224106621 |
| 211 | Harvest Hues Poster | 634418224339364 |
| 212 | Orange frameless painting | 634418220405933 |
| 213 | Wf Grapefruit Art | 634418221075377 |
| 214 | Hz Frameless painting | 634418221946080 |
| 215 | Rgjwwwshuoy | 634418222558552 |
| 216 | QuickFrame Metal | 634418222160173 |
| 217 | Aesthetic Decor Art | 634418221388231 |
| 218 | rdggs dbg | 634418223206877 |
| 219 | jiaozhia | 634418222955245 |
| 220 | SPPsrsix | 634418222403555 |
| 221 | ClangCanvas Studio | 634418222158084 |
| 222 | Zheng Tin painting | 634418222007875 |
| 223 | zhangTin painting | 634418222015715 |
| 224 | HL Ornament shop | 634418216067519 |
| 225 | Triptych poster | 634418222038200 |
| 226 | Creat Curtains | 634418219759717 |
| 227 | Love Custom UMI | 634418219347366 |
| 228 | lummxx | 634418222043442 |
| 229 | Wall Art Youll Love | 634418215341492 |
| 230 | Orchid Gallery | 634418219771678 |

| Defendant Number | Store/Seller Name | Seller ID |
|---|---|---|
| 231 | JXX Decorative paintings and posters | 634418222823667 |
| 232 | GGMMshop | 634418223079907 |
| 233 | days home decoration local | 634418222723580 |
| 234 | VintageHearth Local | 634418221269209 |
| 235 | HONG TAO TAO TAO | 634418222913966 |
| 236 | SnexFlex | 634418222787672 |
| 237 | LAO HAN HAN HAN | 634418223809343 |
| 238 | TimelessTreads | 634418223687336 |
| 239 | SUREDAR local | 634418221267314 |
| 240 | ZZRGFJJ | 634418221643679 |
| 241 | FBZVCKRA | 634418221801242 |
| 242 | FVAZQB | 634418222541205 |
| 243 | Room Art Poster | 634418220070012 |
| 244 | LZMGXAKRA | 634418223172152 |
| 245 | TeeSeven | 634418222260170 |
| 246 | Frog Art Deco | 634418223774698 |
| 247 | Happy Sheng | 634418216383275 |
| 248 | HelloYoung Me | 634418220264870 |
| 249 | SLO FAS FDD | 634418222234301 |
| 250 | Eggplant Art Deco | 634418223772665 |
| 251 | HLKHBBD | 634418223315026 |
| 252 | luskE | 634418222556276 |
| 253 | Metallurge Decor | 634418222158489 |
| 254 | luskC | 634418222556229 |
| 255 | FFQGqiq | 634418220935841 |
| 256 | LianDinauD | 634418222544990 |
| 257 | zhuxpB | 634418222543880 |
| 258 | Posters Haven | 634418220137667 |
| 259 | zhuxpD | 634418222543330 |
| 260 | luskB | 634418222556034 |
| 261 | Cold Wind Poster | 634418220324708 |
| 262 | Reliant Reach | 634418223047467 |
| 263 | ShopLinker | 634418222339989 |
| 264 | KJXACBII | 634418222432060 |
| 265 | CityStyle | 634418222699015 |
| 266 | YISHUPINZHIJIA | 634418223802180 |
| 267 | XXZ ART | 634418222235499 |
| 268 | Iron Intentionalism local | 634418222303044 |
| 269 | Hemitongb | 634418219255198 |

| Defendant Number | Store/Seller Name | Seller ID |
|---|---|---|
| 270 | PetterHome | 634418223694368 |
| 271 | Zhangs Iron Painting | 634418220987511 |
| 272 | SpeedySave | 634418222573132 |
| 273 | Metal Muse Studio | 634418222343302 |
| 274 | xxxart PrintsE | 634418222605469 |
| 275 | Kitty Max | 634418220340790 |
| 276 | DJB metal signs | 634418222272331 |
| 277 | INRIGHT SSS | 634418223518186 |
| 278 | LZMGXBXLD | 634418223272773 |
| 279 | FHZYJFKW | 634418221802417 |
| 280 | HLKZYI | 634418223327341 |
| 281 | MetalCanvas | 634418215539203 |
| 282 | AluArt Decor | 634418223528290 |
| 283 | GOOD SIGNS SHOP | 634418215182987 |
| 284 | VYP Shop | 634418222178928 |
| 285 | Canvas Paintings | 634418218771784 |
| 286 | FASHION ADN LIFE | 634418218795112 |
| 287 | TIEPI | 634418220071484 |
| 288 | StarDragon Fly LIMITED | 634418222329158 |
| 289 | TailorGlam | 634418219537336 |
| 290 | GiftedStitch Shop | 634418220004813 |
| 291 | xxxprint Arts n | 634418222608627 |
| 292 | Classic Couture Collection | 634418222169228 |
| 293 | BHJSECK | 634418218670799 |
| 294 | gaolaogeDD | 634418223205634 |
| 295 | Ackermay | 634418222159490 |
| 296 | FTRWBHUG | 634418221892030 |
| 297 | PLAGUE AND SIGN | 634418222226275 |
| 298 | kjTemuone | 634418223555032 |
| 299 | ABL Sign | 634418223693773 |
| 300 | SQFNINE | 634418223781581 |
| 301 | Punk Style Fashion | 634418217048336 |
| 302 | ElegantEpoch | 634418223242110 |
| 303 | gaolaogeII | 634418223208704 |
| 304 | RegalRobe | 634418223241935 |
| 305 | BoldThreads | 634418223243440 |
| 306 | Needlely | 634418222373479 |
| 307 | Xinxi Home Textile Lifestyle Museum local | 634418218335322 |
| 308 | AAFanhui Home Textile | 634418223176563 |

| Defendant Number | Store/Seller Name | Seller ID |
|---|---|---|
| 309 | PerThread | 634418222387534 |
| 310 | D Snuggle Nest | 634418223415763 |
| 311 | StyleCrafted Shop | 634418220004787 |
| 312 | Coziyest | 634418223405259 |
| 313 | SewLuxe | 634418219537600 |
| 314 | DDOIODP | 634418223406219 |
| 315 | DDLIFDBEGF | 634418223408219 |
| 316 | FFGJUVED | 634418223272052 |
| 317 | RRGLCI | 634418223406485 |
| 318 | Keep Warm Yourself | 634418221518128 |
| 319 | Nap Blanket | 634418216233927 |